IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RANDALL R. FELDER     PLAINTIFF

VS.     CIVIL ACTION NO. 3:07-CV-521-JCS

CLAUDIA TILLMAN and     DEFENDANTS
NEAL EDMOND

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Felder is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). For the reasons discussed below, Plaintiff's claims are dismissed with prejudice[2] as frivolous.[3]

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] The Court finds that this dismissal should be with prejudice because the Plaintiff was given an opportunity to expound upon his claims at the Spears hearing, but did not assert any facts which would support an arguable claim. See Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993).

[3] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

I. Plaintiff's Claims

Plaintiff claims that the defendants violated his Constitutional rights while he was incarcerated at the Pike County Jail, located in Magnolia, Mississippi. The length of time he was held in the Pike County Jail is unclear from the Plaintiff's complaint, but based upon the Plaintiff's testimony and medical records submitted by the Defendant at the Omnibus hearing, it appears that he resided at the Jail from June 2006 to November 2007. The November 2007 end to his tenure at the Jail is further substantiated by Plaintiff's Mississippi Department of Corrections ("MDOC") record, available at www.mdoc.state.ms.us, which shows that the Plaintiff entered the MDOC system on November 7, 2007. In his complaints and according to his testimony at the omnibus hearing, he alleges that Claudia Tillman, Nurse, and Neal Edmond, Captain, both employed by the Pike County Jail, violated his Constitutional rights.

In his complaint and amended complaint, Felder makes a number of claims against the defendants. In his original complaint (document number 1), he alleges that the "Nurse and Captain" denied him medical treatment for blood in his stool. He also alludes to "racial things" going on in the jail, insinuating that the inmates are housed according to race, and complaining that state inmates are housed with county inmates, but he does not state how he was injured by these alleged practices. In his amended complaint (document number 8-2), he alleges that he was placed in lockdown for no reason, that he had to sleep on the floor, that worms crawled from the walls of his cell, and that he did not receive his blood pressure and psychiatric medications for two days. He also complains that officials, Neal Edmond and Jane Causey[4], opened his legal

---

[4]Although he made these allegations against Jane Causey in his amended complaint and included her in the list of defendants, no process was ever issued for Causey. As explained in the discussion, the Plaintiff's claims against Causey, limited to his legal mail, fail to rise to the level

mail without his consent.

At the omnibus hearing, he reiterated some of these allegations, and he added that he was in lockdown at one point for two weeks, during which time he was denied "yard call," telephone calls, and was allowed only one shower per week. He also complained that he had to sleep on a mattress on the floor. He admitted, however, that these conditions, including missing his blood pressure medications and his psychiatric medications, did not adversely affect his health. He also further admitted that after he was transferred to the Mississippi Department of Corrections, doctors examined him on different occasions, and no doctor has told him that anything is wrong with him as a result of these alleged events.

## II. Discussion

Because the plaintiff is no longer in the custody of the Pike County Jail, any claims for declaratory and injunctive relief are rendered moot. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, any claims for injunctive and declaratory relief are hereby dismissed with prejudice. Furthermore, the Court finds that any claims for emotional or psychological injuries based upon these claims should be dismissed because "[w]ithout an allegation of a more than de minimis physical injury," a prisoner plaintiff's complaint seeking damages for emotional suffering lacks any merit. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

Turning to claims resulting from his conditions of confinement while in lockdown, the Plaintiff admits that he has not suffered any physical injury as a result of these conditions, and speculation regarding any long-term health effects is simply that: speculation. This Court finds that speculative claims regarding the long-term effects of these conditions fall into the category

of a Constitutional violation and should be dismissed.

of vague and conclusory allegations, which do not meet the standard required to state a claim under 42 U.S.C. § 1983. See Mills v. Criminal District Court #3, 837 F.2d 677, 678 (5th Cir. 1988). Moreover, the Constitution does not mandate "comfortable" prisons. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). Plaintiff has set forth no medical evidence to support his claims that the brief conditions he endured in lockdown will have ill-effects upon his health. An actual injury is required to state a constitutional claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Accordingly, the Plaintiff's claims regarding his conditions of confinement fail to rise to the level of a Constitutional violation.

Moreover, the Plaintiff's claims of inadequate medical care fail to rise to a Constitutional violation. The records belie his allegation that the defendants failed to treat him for blood in his stool. Medical records submitted by the Jail at the Omnibus Hearing, and initialed for receipt by the Plaintiff, demonstrate that the Defendant Tillman collected Plaintiff's stool, and it tested negative for blood in June 2007. Moreover, at the omnibus hearing he admitted that the nurse gave him a suppository for his bleeding. He also stated that he was treated for an ear condition by a doctor in Magnolia. Furthermore, the Plaintiff's allegations that he was denied his medication for two days fail to state a claim. He also alleges that the Defendants were slow to obtain his medications when he was first taken into custody, so that he missed several days of medications. He fails to show any injury resulting from these few missed days of missed medication, and the records show that he received his medication on a consistent basis. See Banuelos v. McFarland, 41 F.3d at 235 ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course

of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). Even though his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Accordingly, the plaintiff has failed to state a claim that he received Constitutionally inadequate medical care from the Defendants.

Plaintiff also makes vague allegations about the classification and housing of inmates at the Jail. He alleges that the Jail houses county inmates with state inmates, and that the inmates are separated into different blocks by race. Not only does the Plaintiff fail to allege any injury he sustained as a result of either of these alleged practices, but these allegations also fail to rise to the level of a Constitutional violation. As to the mixing of county inmates with state inmates, there is no Fourth Amendment Due Process Clause or Eighth Amendment right to a classification system which would separately house county inmates from convicted state inmates. Jones v. Diamond, 594 F.2d 997, 1015-16 (5th Cir. 1979). Instead, the federal courts have the broad authority to eradicate these conditions only "when prison officials have failed to control or separate prisoners who endanger the physical safety of other prisoners, and the level of violence becomes so high as to constitute cruel and unusual punishment under the" Constitution. Id.; see also McKune v. Lile, 536 U.S. 24, 39 (2002)("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Meachum v. Fano, 427 U.S. 215, 225 (1976)(convicted prisoner has no right to incarceration in any particular prison). Because Plaintiff fails to allege any injury he sustained as a result of being housed with state or county inmates, and there is no constitutional right to separate housing for county or state inmates, this claim fails to rise to the level of a Constitutional violation.

As to his claim that the Defendants segregated prisoners by race, the undersigned finds that the Plaintiffs claims are vague and conclusory and fail to meet the standard required to state a claim under 42 U.S.C. § 1983.  See Mills v. Criminal District Court #3, 837 F.2d 677, 678 (5th Cir. 1988).  Although it is well-settled that "[r]acial segregation in prisons is unconstitutional, except to the extent it is necessary for prison security and discipline," Sloan v. Johnson, 95 Fed.Appx. 62, 63, 2004 WL 830789, 1 (5th Cir. 2004)(citing Lee v. Washington, 390 U.S. 333, 333-34 (1968)), Plaintiff's allegations regarding this claim are vague and non-specific.  He simply alleges in his original complaint that he saw a white prisoner placed in a particular block one day, then removed within minutes.  He also states in his original complaint that blacks are housed in particular blocks at the Jail.  When given the opportunity to discuss his claims at the Omnibus hearing, the Plaintiff failed to expound upon these allegations or discuss them in any manner.  Not only does the Plaintiff fail to state in what manner he suffered any injury as a result of this alleged practice, but Courts have also recognized "that prison authorities have the right, acting in good faith and in particularized circumstances, to take into account racial tensions in maintaining security, discipline, and good order in prisons and jails." Lee v. Washington, 390 U.S. at 334.  Accordingly, the Plaintiff's claim fails to rise to the level of a Constitutional violation.

Finally, Plaintiff alleges that the Jail opens his legal mail from the courts without his consent or being present when they open it.  He also claims that "they" stop a lot of his mail from going out.  (Document 8 at 1.) This claim fails to rise to the level of a Constitutional violation. Foremost, the Plaintiff fails to delineate any damage the employees caused to the mail. Furthermore, he fails to demonstrate or allege any legal prejudice from these alleged acts.  A

claim that jail officials interfered with right of access to the courts or his First Amendment rights by destroying or denying mail will fail if the Plaintiff does not assert or inadequately asserts how he was prejudiced by such alleged actions. Biliski v. Harborth, 55 F.3d 160 (5th Cir. 1995). Accordingly, this claim should be dismissed with prejudice as frivolous.

### III. Conclusion

For the reasons stated above, the Plaintiff's claims are dismissed with prejudice as frivolous for failure to rise to the level of a constitutional claim. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the   8th   day of December, 2009.

      S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE